**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 96-4709

SHARMAYNE COSBY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CR-96-87-A)

Submitted: June 19, 1997

Decided: July 7, 1997

Before WILKINS and MICHAEL, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Frank G. Aschmann, ASCHMANN & ASCHMANN, Alexandria,
Virginia, for Appellant. Helen F. Fahey, United States Attorney, Gary
E. Jackson, Special Assistant United States Attorney, Alexandria, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sharmayne Cosby was convicted by a jury of possession with intent to distribute "crack" cocaine, under 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (1994), and introduction of "crack" cocaine into and upon the grounds of a penal institution, under D.C. Code Ann. § 22-2603 (1996). On appeal, she alleges there was insufficient evidence to support her convictions. For the reasons that follow, we affirm.

Evidence is sufficient to support a conviction so long as, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). An appellate court does not review the jury's decision on the credibility of witnesses. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

At trial it was uncontested that Cosby, while a visitor at the Lorton reformatory, was found to possess approximately .74 grams of crack cocaine contained in a plastic ziplock bag located in the inner or watch pocket of her pants. Expert testimony revealed that persons attempting to distribute drugs in prison often hide the drugs in their clothes (as opposed to body cavities), so they may allege they were unaware of the drugs' presence (if they are caught), that drug amounts distributed in prison are often small, and that visitors may distribute drugs to inmates because Lorton allows contact visits.

Cosby's sole issue on appeal is that the Government failed to show that she "knowingly or intentionally" possessed the crack cocaine found in her pants because, she alleges, she was unaware of the drug's presence.* Cosby testified that the crack found on her person must

_____

*Cosby stipulated at trial that the substance found was crack cocaine, that the cocaine was found upon the grounds of a penal institution of the District of Columbia, and that she was not authorized to carry such contraband.

2

have belonged to her niece, a crack user, who had previously borrowed her pants. Testimony revealed, however, that her niece had borrowed the pants approximately one month prior to the day Cosby wore them to Lorton, that her niece was at least three inches shorter and approximately forty pounds lighter than Cosby, and that when Cosby was caught with the crack she told police that the pants belonged to her sister--she did not mention her niece at all. Based upon these facts, we find that any rational trier of fact could have found that Cosby knowingly possessed the crack cocaine found on her person that day. See Jackson, 443 U.S. at 319. Although not specifically raised on appeal, we also find that the evidence was sufficient to support her conviction under D.C. Code Ann. § 22-2603. See United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir. 1993). Thus, we affirm both convictions.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3